IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FAIP NORTH AMERICA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-CV-4002 |
| | ) | |
| v. | ) | Judge Charles P. Kocoras |
| | ) | |
| SISTEMA s.r.l., an Italian corporation, | ) | Mag. Judge Arlander Keys |
| SISTEMA USA, Inc., an Indiana | ) | |
| corporation, GÖKALP ONAY, an | ) | |
| individual, and JOHN TOBINSKI, | ) | |
| an individual | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SURRPELY IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

**I.     INTRODUCTION AND SUMMARY**

Defendants' motion should be denied because the allegations of the Complaint, when accepted as true, establish that Sistema s.r.l. itself caused injury to Plaintiff, FAIP North America Inc. ("FAIP"), here in Illinois. Although Sistema s.r.l. submitted a bare denial of any wrongdoing in its *reply* brief, a fact dispute as to whether Sistema s.r.l. injured FAIP cannot be resolved on a motion to dismiss. *See Nieman v. Rudolf Wolff & Co., Ltd.*, 619 F.2d 1189, 1190 (7th Cir. 1980). As to Defendants' preemption argument, a recent decision by the Seventh Circuit establishes that the Section 8 of the Illinois Trade Secret Act does not preempt the state law claims at issue. *See Hecny Transportation In. v. Chu*, 2005 WL 2842081 (7th Cir. October 31, 2005). Defendants' motion should be denied in its entirety.

**II.     ARGUMENT**

    **A.     Plaintiff's State Law Claims Are Not Preempted**

The Seventh Circuit's *Hecny* decision is the first decision by that Court regarding the scope of the Illinois Trade Secrets Act's preemption clause (Section 8(b) of the ITSA). The

Seventh Circuit's analysis in that case is directly applicable to the present case, as is its conclusion: "***This is not a close question.*** An assertion of trade secret in a customer list does not wipe out claims of theft, fraud, and breach of the duty of loyalty that would be sound even if the customer list were a public record." Slip Op. at 4 (emphasis added).

In *Hecny*, the plaintiff company (Hecny) determined that a former employee had used Hecny's assets and personnel to operate his own venture out of Hecny's property while still employed by Hecny. Hecny sued for misuse of customer information under the ITSA, and also for diversion of corporate opportunity, breach of fiduciary duty, and theft. The Seventh Circuit noted that the recourse for the other wrongful acts was not precluded merely because the plaintiff had alleged trade secret misappropriation as one theory: "If Hecny had put its customer list on its web site for the world to ogle, ***that would not have permitted its managers to go into covert competition using Hecny's own [office] and staff…***." Slip Op. at 3 (emphasis added).

As in *Hecny*, Plaintiff suffered injury when the Sistema defendants in connection with Onay recruited and deployed Tobinski in covert competition. In addition, at the Sistema defendants' beckoning, Onay and Tobinski illegally hacked into FAIP's computer system in order to continue their unethical and unfair practices. The trade secret status of some or all of the information taken, used, and transmitted to Sistema by Onay and Tobinski in furtherance of their illicit scheme does not somehow extinguish FAIP's claims of breach of fiduciary duty (Count VIII), inducement of breach of fiduciary duty (Count IX), unfair competition (Count IV), and tortious interference (Count VII).

Defendants, however, attempt to immunize much of their wrongful conduct as alleged in the Complaint simply by pointing out that they *also* stole FAIP's trade secrets. This argument is illogical and would leave FAIP without a remedy as to the non-trade secret claims. As the

Seventh Circuit noted, "It is unimaginable that someone who steals property, business opportunities, and the labor of the firm's staff would get a free pass just because none of what he filched is a trade secret." Slip Op. at 3.

### B. Plaintiff Has Established a *Prima Facie* Case of Personal Jurisdiction

In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *See Nieman,* 619 F.2d at 1190 ("[Plaintiff] is entitled not only to the acceptance of all undenied factual assertions in his submissions, but also to the resolution in his favor of all disputes about relevant facts."). Under the Illinois long-arm statute, which extends to the broadest reach of the U.S. Constitution, a court may exercise jurisdiction over a non-resident defendant who intentionally caused injury in the forum state. *Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1202 (7th Cir. 1997) ("The state in which the injury (and therefore the tort) occurs may require the wrongdoer to answer for its deeds even if events were put in train outside its borders.").

#### 1. Sistema s.r.l. Itself Caused Injury to FAIP Here in Illinois

The allegations of the Amended Complaint establish that Sistema s.r.l. directly injured FAIP in Illinois. (Amended Complaint, at ¶¶ 9, 24-28, 34-43, 72.) Mr. Alexander's declaration, submitted with FAIP's opposition, further establishes the role played by Sistema s.r.l. in causing harm to FAIP right here in Illinois. (See Declaration of Gus Alexander ("Alexander Decl."), filed with FAIP's Opposition, at ¶¶ 5, 9-10.)

Sistema's reply, for the first time, attempts to dispute certain of Plaintiff's allegations. These bare denials, however, are insufficient to warrant Sistema s.r.l.'s dismissal. The statements provided in Defendants' reply and declarations do not establish "uncontroverted

facts;" at most, such denials establish a question of fact, which must be resolved in FAIP's favor. *See Nieman supra.* Nor should the Court attempt to resolve the merits of the action in this procedural motion. *Serras v. First Tennessee Bank Natl. Assoc.*, 875 F.2d 1212, 1215 (6th Cir. 1989). Where, as here, the facts relating to jurisdiction are intertwined with the facts relating to jurisdiction, the Court should not dismiss the action. *Id.*

Defendants' carefully worded and selective denials of FAIP's allegations cannot resolve any substantive issue at this stage of the proceedings. For example, Zancanari's statement that Onay alone is responsible for negotiating pricing relating to sales in the United States is simply not credible in view of the statement provided by Mr. Alexander. (*See* Alexander Decl. at ¶¶ 8, 13-17.) Onay's use of the term "Exwork Italy" coupled with Mr. Alexander's declaration that this term would be understood in the industry to mean that Sistema s.r.l controlled pricing, *see* Alexander Decl. at 9, establishes that Sistema s.r.l. likely played a role in the activities at issue. Moreover, Zancanari's statement that "[M]any customers prefer quotes like this so they can arrange their own shipment and keep costs down," is actually an admission that Sistema s.r.l. deals directly with end customers, thereby bypassing Sistema USA's distribution function altogether. (Zancanari Decl. at ¶ 6).

### 2. Defendants Have Not Denied Relevant Jurisdictional Allegations

Although Defendants enthusiastically denied portions of the jurisdictional allegations, notable exceptions include Sistema s.r.l.'s ownership of one or more U.S. patent applications and trademarks as well as FAIP's allegation that Sistema s.r.l. holds the relevant Underwriters' Laboratories certifications. (Alexander Decl. at ¶ 20-21.)

Similarly, although Defendants attach "several agreements between USA and its customers," Zancanari Decl. at ¶ 12, five of the agreements are apparently incomplete. Despite

4

the inclusion of two different photocopies of two pages from the Sam's Club Canada agreement, Sistema's failure to produce each of the contracts in its entirety raises questions as to the contents of the subsequent pages.

Instead of providing an explanation for such information, Defendants resort to allegations regarding Plaintiff's motives. Defendants' inappropriate characterization of Plaintiff's motives as "anticompetitive" is a classic attempt to shift blame to the victim. Sistema s.r.l. caused injury to FAIP, and it should answer in this Court for its own activities.

### C. Federal Rule 4(k)(2) Is An Independent Basis for Jurisdiction

Defendants have denied jurisdiction under Rule 4(k)(2), stating that "there could possibly be jurisdiction over Sistema in Indiana…" (Defendants' Reply at 4) but that "By this statement, Sistema is not conceding that jurisdiction is proper in Indiana…." (Defendants' Reply at n.3). Defendants reliance on an Eleventh Circuit decision is simply misplaced, particularly in view of the Seventh Circuit's controlling precedent of *ISI Int'l, Inc. v. Borden Ladner Gervais, LLP*, 256 F.3d 548, 552 (7th Cir. 2001).

Defendants' arguments in connection with Rule 4(k)(2) largely sidestep the substantial evidence provided in Plaintiff's Opposition that Sistema s.r.l. has extensive and direct contacts with the United States, including but not limited to repeated visits to the U.S. to carry out Sistema s.r.l.'s business, ownership of one or more United States trademarks and patents, and acquiescence to jurisdiction in Illinois through the standard Underwriters' Laboratories agreement. In addition, as noted above, Sistema s.r.l. now concedes that it directly ships products to U.S. customers. *See* Zancanari Decl. at ¶ 6 (noting that "many customers … arrange their own shipment"). FAIP lacks detailed information as to the extent of such contacts only because Sistema s.r.l. has refused to provide it. In view of Sistema s.r.l.'s tendency to volunteer favorable information, the fact that it did not do so in connection with its direct contact with U.S.

customers should be taken as evidence that such contacts are a substantial portion of the more than four million dollars of sales of pressure washers made by Sistema s.r.l. annually. (Dunn & Bradstreet Business Information Report at p.4, Exhibit 4 of Cochran Decl.).

**III. CONCLUSION**

For the foregoing reasons and those set forth in FAIP's opposition brief, Defendants' motion to dismiss should be denied in its entirety. In the alternative, the Court should at least permit FAIP to take reasonable discovery into Sistema s.r.l.'s contacts with the United States.

Respectfully submitted

Dated: December 12, 2005

_s/__Christine M. Cochran_____
FILED ELECTRONICALLY
Dennis R. Schlemmer (IL # 04287349)
David M. Airan (IL #06215687)
Aaron R. Feigelson (IL #6279091)
Christine M. Cochran (IL #6281194)
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601
(312) 616-5600

Attorneys for Plaintiff
FAIP North America, Inc.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of PLAINTIFF'S SURRPELY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS was served this 12th day of December, 2005 upon Defendants' counsel of record in the manner specified:

BY ELECTRONIC MAIL:
James R. Pittacora
Bernard F. Crotty
Pittacora & Crotty, LLC
566 W. Lake Street, #200
Chicago, IL 60661
Tel: (312) 602-1070
Fax: (312) 602-1071

COURTESY COPY TO BE DELIVERED BY US MAIL

Dated: December 12, 2005        _s/Christine M. Cochran_____
                                                       Attorney for Plaintiff
                                                       FAIP North America, Inc.